UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RILEY JEROME WILLIAMS,

        Plaintiff,

    -v-

DANA L. LODESTRO, et al.,

        Defendants.

DECISION AND ORDER
09-CV-0604Sc



---

On June 18, 2010, the Court (Hon. Charles J. Siragusa) entered an order directing plaintiff to show cause why the claims set forth in the amended complaint should not be dismissed because the identical claims were pled in an action filed previously by plaintiff in this Court[1] and the parties to that action, including each of the defendants named herein, entered into a Stipulation and Order of Settlement in which they agreed to settle "[a]ny an all claims for damages by plaintiff that are the subject of this action, or that otherwise arise out of any of the incidents alleged in the plaintiff's [Third Amended] Complaint" for a sum certain "in full satisfaction of all claims for damages, costs, disbursements and legal fees." (*Williams v. Bunn*, 06-CV-0466Sc, Docket No. 45, Stipulation and Order of Settlement, ¶ 2.) The Court's order to show cause in the instant action (Docket No. 9) set forth the claims alleged in both the amended complaint in the instant action and the third amended complaint in the prior action. (Docket No. 9, Order, at 2-3). The claims in both actions alleged an

---

[1] In addition to this action, plaintiff has filed three other actions alleging that the same defendants herein assaulted him at the Attica Correctional Facility on June 4, 2007: *Williams v. Bunn, et al.*, 06-CV-0466Sc; *Williams v. Lodestro et al.*, 09-CV-640Sc; and *Williams v. Banaszak, et al.*, 10-CV-0364Sc.

assault against plaintiff by defendants--correctional officers at Attica Correctional Facility--on June 4, 2007.

While it was clear to the Court that the claims pled in both actions were the same and plaintiff had released the defendants from any and claims arising from the alleged assault, the Court provided plaintiff an opportunity to address why the amended complaint herein should not be dismissed. Plaintiff filed a letter in reply to the Order which is not only confusing but fails to provide sufficient cause as to why the claims pled in the amended complaint should not be dismissed based on the Stipulation and Order of Settlement and the release set forth therein in 06-CV-0466Sc. Plaintiff notes that he does not know "why this case [had] even gotten [sic] mix[ed] up with the other officers in the first place." (Docket No. 10, Reply.) He claims he was advised of some information by the Assistant Attorney General representing the defendants in the other action regarding "some type of other people that's what confused [him]." (*Id.*) He then goes on to state that he is presently in SHU at Attica because of "these here officers again" and that [b]ecause of "these same officers that's once of the reasons while I am still in prison in July of 2010 and should have been home on May 3, 2010. Instead [on] March 26, 2010 I [was] assaulted all over by some other officers in the same facility because of these here (officers) here [:] 1. Dana L. Lodestro[,] 2. Mark Cassidy, [3] Joseph Jankowski[' and] 4. Scott C. Brown." (Docket No. 10, Reply, at 2.)

While plaintiff may have intended to claim herein that he was assaulted on March 26, 2010, by other officers and that somehow the officers sued and released by him in 06-CV-0466Sc were involved in some manner, the fact remains that the claims pled in the amended complaint in this action and the third amended complaint in 06-CV-0466Sc are identical and thus the claims pled in the instant action must be dismissed based on the express terms of the Stipulation and Order of

Settlement in 06-CV-0466Sc. Additionally, the claims pled herein must be dismissed as duplicative of the claims pled in 06-CV-0466Sc. *See also Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000) ("As part of the general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.") (citing *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800, 817 (1976)).[2]

Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b), and the Clerk of the Court shall take all steps necessary to close it.. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit.

    IT IS SO ORDERED.

                                                DAVID G. LARIMER
                                                United States District Judge

DATED: August 24, 2010
         Rochester, New York

---

[2]To the extent plaintiff may be claiming that he was assaulted on March 26 ,2010, which is not what is alleged in the amended complaint herein, he may file a new action in this Court. However, he may not again plead any claims against the defendants herein arising out of the alleged assault on June 4, 2007.